**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-6625**

---

TARUN KUMAR VYAS,

      Plaintiff - Appellant,

    v.

CHAD MORRIS, Special Agent, V.S.P.; ALYCIA ELDRIDGE, Assistant Commonwealth's Attorney; HEAD OF THE INTERNAL CRIMES AGAINST CHILDREN (I.C.A.C) DIVISION OF VSP; HEAD OF THE VIRGINIA STATE POLICE; MARSHA L. GARST, Commonwealth's Attorney; CITY OF HARRISONBURG; COUNTY OF ROCKINGHAM; RANDALL LIFE, Detective, Harrisonburg Police Department; KELLY WARNER, a/k/a Kelley Warner, Chief of HPD; VICTORIA JENSEN, Assistant Commonwealth's Attorney; WELTHEREU, Detective, Harrisonburg Police Department; SEAN D. RANKIN, Magistrate; BRYAN HUTCHESON, Sheriff; COMMONWEALTH OF VIRGINIA,

      Defendants - Appellees.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:23-cv-00216-EKD-JCH)

---

Submitted:  May 20, 2024                      Decided:  June 7, 2024

---

Before GREGORY, HARRIS, and RICHARDSON, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Tarun Kumar Vyas, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tarun Kumar Vyas appeals the district court's orders dismissing without prejudice his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A and denying Vyas' motion to reconsider. On appeal, Vyas argues the district court erred by dismissing his complaint after abstaining from exercising jurisdiction over the complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).[1]

We review for abuse of discretion both a district court's decision to abstain under *Younger* and its denial of a motion to reconsider. *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 95 (4th Cir. 2022); *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018). "[W]hen a suit" in which *Younger* abstention is appropriate "involves equitable or discretionary relief, a district court may either stay the suit in favor of state court action or 'decline to exercise jurisdiction altogether by dismissing the suit or remanding it to state court.'" *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)) (alteration omitted). In an action for damages, however, "a district court may stay [the] action . . . but generally may not subject it to outright dismissal or remand." *Id.* (internal quotation marks omitted).

---

[1] We note that the district court's dismissal order says Vyas named only one magistrate as a defendant in this action, but the complaint appears to name two different magistrates as defendants. This omission does not affect our jurisdiction over this appeal because "the district court obviously was not trying to adjudicate fewer than all the pleaded claims." *Martin v. Duffy*, 858 F.3d 239, 246 (4th Cir. 2017) (internal quotation marks omitted).

3

Vyas sought both damages and injunctive relief on his claims. Thus, assuming it was appropriate for the district court to abstain from ruling on Vyas' claims, the court should have stayed, rather than dismissed, the complaint. *See id.* However, our review of the record also leads us to conclude that the district court did not err by dismissing Vyas' claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO), as Vyas did not state a plausible claim for relief under § 1964(c). *See Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 247 (4th Cir. 2016) (stating this court can affirm on any basis apparent from the record).

We therefore affirm the district court's dismissal of Vyas' RICO claim, vacate the remainder of the dismissal order, and remand for further proceedings.[2] We deny Vyas' pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] By this disposition, we express no opinion as to the merits of Vyas' remaining claims.

4